UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAN 2 6 2012

BIOTECHPHARMA, LLC,                    )
                                        )
            Plaintiff,                   )
                                        )
v.                                       )        1:11-cv-00444 (TSE/IDD)
                                        )
W.H.P.M., INC., *et al.*,                )
                                        )
            Defendants.                  )
_____)

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Petition for Attorneys' Fees (the "Fee

Petition). [Dkt. No. 82.] Upon consideration of the Fee Petition and supporting documentation,

Defendants' opposition, as well as relevant portions of the underlying record, this Court holds

that the Fee Petition is **GRANTED in part** and **DENIED in part**. For the reasons that follow,

this Court reduces Plaintiff's Fee Petition from $32,256.60 to $11,403.62.

## I.  BACKGROUND

This case concerns Defendants' alleged misappropriation of trade secrets and other

proprietary information regarding the one-step drug-testing kit of Plaintiff BiotechPharma, LLC,

in violation of a non-disclosure agreement among the parties. Pursuant to a Scheduling Order

entered by the Honorable U.S. District Judge T.S. Ellis, III, discovery commenced on September

23, 2011 and was set to close on January 13, 2012. Unfortunately, discovery has not proceeded

smoothly between the parties. Rather, discovery has been very contentious, prompting the

parties to file no less than five motions to compel with the Court since the first week of

December 2011. As a result of the constant discovery disputes necessitating this Court's

intervention, the discovery cutoff has been extended to February 10, 2012.

On December 23, 2011, Plaintiff filed a motion seeking to (1) compel Defendants' compliance with the Court's prior orders, (2) extend various discovery deadlines, and (3) impose sanctions on Defendants (the "Motion to Compel"). (Dkt. No. 59.) After granting a motion for expedited review, this Court held a hearing on the Motion to Compel on December 29, 2011. Based on the parties' briefing and argument at the hearing, this Court granted most of the relief sought by Plaintiff, as well as imposed sanctions on Defendants for failing to produce certain documents and answers to interrogatories. (Dkt. No. 72.) As a sanction, this Court granted Plaintiff's request for attorneys' fees and expenses with regards to the Motion to Compel.

On January 3, 2012, pursuant to this Court's order, Plaintiff's counsel submitted the instant fee petition, seeking $32,081.50 for attorneys' fees and $175.10 for expenses, for a total of $32,256.60. (Fee Petition ¶ 11.) As summarized in the table below, Plaintiff's legal team consisted of five attorneys and one paralegal, rendering a total of 83.10 hours for services in conjunction with the Motion to Compel:

| Name | Position | Hours | Rate | Fees |
|---|---|---|---|---|
| Diana J. Pomeranz | Associate | 6.30 | $295.00 | $1,858.50 |
| James E. Tompert | Of Counsel | 19.80 | $395.00 | $7,821.00 |
| Marissa Golub | Paralegal | 1.70 | $145.00 | $246.50 |
| Robert W. Ludwig | Partner | 10.40 | $425.00 | $4,420.00 |
| S. Jill Pisner | Of Counsel | 25.90 | $395.00 | $10,230.50 |
| Salvatore Scanio | Partner | 19.00 | $395.00 | $7,505.00 |

(Dkt. No. 82-1, Fees and Expenses at 5.) On January 9, 2012, Defendants submitted an opposition to the Fee Petition, requesting the Court to reduce the fee award due to the excessiveness of the hours and rates. (Def. Opp. at 1.) The parties waived oral argument, and thus, the matter is ripe for disposition.

2

## II. DISCUSSION

It is well established that this Court has broad discretion in determining the amount of a fee award in this matter. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In reviewing and crafting an appropriate award of attorneys' fees, the Supreme Court recently emphasized that "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 131 S.Ct. 2205, 2216, 180 L.Ed.2d 45 (2011). Rather, the essential goal in awarding attorneys' fees "is to do rough justice, not achieve auditing perfection." *Id.* To accomplish this goal, this Court "may take into account [its] overall sense of [the] suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

Nonetheless, the party seeking an attorney's fee award bears the burden of demonstrating the reasonableness of the fees and costs it seeks. *Hensley*, 461 U.S. at 433. In calculating a reasonable fee, the "most useful starting point" is the lodestar amount, which is determined by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* To support a fee petition, the party must submit "reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity." *EEOC v. Nutri/System, Inc.*, 685 F.Supp. 568, 573 (E.D. Va. 1988).

In evaluating the reasonableness of an attorney's fee petition, the Fourth Circuit has held that a district court must consider the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (adopting the factors initially set out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). Upon such a review, "[t]he district court is not required to engage in a lengthy discussion concerning what portion of the award is attributable to each factor." *Arnold v. Burger King Corp.*, 719 F.2d 63, 67 n.4 (4th Cir. 1983). Likewise, this Court "need not address all twelve factors independently because such considerations are usually subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Signature Flight Support Corp. v. Landow Aviation L.P.*, 730 F.Supp.2d 513, 520 (E.D. Va. 2010) (quotation marks and citations omitted).

## A. Attorneys' Fees

As an initial matter, the Court must first determine whether Plaintiff's counsel has met its burden of establishing the reasonableness of the number of hours expended on the Motion to Compel. The Court has reviewed the Fee Petition, billing records, and declaration of James E. Tompert ("Tompert"). Mindful of counsel's duty to exercise billing judgment, this Court may identify and subtract any hours that appear excessive, duplicative, or unnecessary, and may also reduce fees for hours spent on unsuccessful claims. *Id.* at 521-22 (requiring the party requesting attorneys' fees to exercise reasonable "billing judgment" with respect to the hours worked and the fees claimed); *see also Zhang v. GC Servs.*, 537 F.Supp.2d 805, 812 (E.D. Va. 2008).

### 1. *Reasonable number of hours expended, and requisite skill and difficulty involved.*

Plaintiff's counsel submits that the hours they spent on the Motion to Compel were "fair and reasonable under the circumstances." (Fee Petition ¶ 10.) The circumstances, although not clearly described in the Fee Petition, relate to what Plaintiff's counsel characterizes as "multiple discovery violations by Defendants." (*Id.* ¶ 8.) These alleged violations served as the bases for the Motion to Compel, and include: "(1) Defendants failure to produce documents; (2)

Defendant's failure to answer interrogatories; (3) the last minute cancelation by Defendants of the depositions scheduled to begin on January 2, 2012; (4) the failure by Defendants' witnesses to apply for travel visas . . .; and (5) the misrepresentations made by counsel for Defendants to this Court." (Fee Petition ¶ 8.) This Court is well aware of the various disputes, accusations of stonewalling and dilatory conduct, and alleged deficiencies in responding to discovery requests that have occurred during the discovery process in this case. This Court is equally familiar with the circumstances under which the Motion to Compel was filed.

Based on an independent review of the Fee Petition and supporting documentation, the Court finds that the total number of hours expended on the Motion to Compel suggests a lack of billing judgment exercised by Plaintiff's counsel. As noted above, Plaintiff's legal team regarding this motion consisted of two partners, two of counsel, one associate, and one paralegal. Between the six of them, they billed a total of 83.10 hours. While that number alone raises concerns for the Court, the breakdown of hours among each type of employee is even more troubling. The delineation is as follows: the two partners billed 29.40 hours, the two of counsel billed 45.70 hours, the associate billed 6.30 hours, and the paralegal billed 1.70 hours. A lack of billing judgment is manifest in these figures.

The time records submitted by Plaintiff's counsel demonstrate that counsel devoted excessive resources to this motion. Simply put, the Motion to Compel was overstaffed and resulted in attorney overkill. Although this case may present complex issues related to trade secrets, this Fee Petition concerns only those fees expended by counsel on one motion to compel. Motions to compel are standard discovery motions that do not require the same level of expertise or time as dispositive motions. No novel or complex issues of fact or law were raised in the Motion to Compel. Yet, the partners and of counsel, who naturally bill at a higher rate, billed

more time than the more affordable associate. Particularly striking is the fact that, out of the 83.10 hours expended by Plaintiff's counsel, only 6.30 are attributable to an associate.

According to the time sheets, the associate, Diana Pomeranz, billed 6.10 hours for consulting with of counsel Jill Pisner ("Pisner"), researching the law for sanctions and extensions of discovery, and for drafting arguments relating to the same.[1]  (Fees & Expenses at 1, 2.) However, the time sheets reflect that Pisner and Tompert, both of whom are of counsel, also spent a number of hours researching the law for sanctions.  (*Id.* at 3, 4.)  The Court is befuddled as to why it took three attorneys to research the law on sanctions.  This is but one example of the duplicative endeavors of Plaintiff's counsel on this motion.

Likewise, there was a significant duplication of effort in drafting the motion and the reply brief.  Without belittling counsel's aptitude or work product, the Court is perplexed as to why a total of five attorneys ended up billing a significant amount of time for drafting, reviewing, and revising the legal briefs on this Motion to Compel.  (*See generally*, Fees & Expenses.)  While the Court recognizes that the time spent on drafting motions may constitute the bulk of time billed in relation to such motions, the amount of time spent on drafting *this motion* was unnecessary, excessive, and unreasonable.  In fact, the time sheets reflect that the two partners and two of counsel billed nearly all of the time associated with drafting the motion and reply.  The gross duplication of effort and time billed for drafting, reviewing, and revising is just another prime example of the overstaffing and overkill that is characteristic of the entire Fee Petition.[2]

---

[1] Notably, this was the extent of the work the associate was asked to do on this motion.  The remaining 0.20 hours appear to relate to a review and discussion of the Court's rulings with Pisner. (Fees & Expenses at 4.)
[2] This Court need not go through every time entry and task billed in detail in this opinion.  It is worth noting, though, that Plaintiff's counsel spent an inordinate amount of time drafting, revising, sending, and reading emails; meeting and teleconferencing with each other; reviewing Defendants' supplemental discovery responses; and meeting and conferring with Defendants' counsel.  The bulk of the hours spent on these tasks was excessive and duplicative. Furthermore, to the extent that three attorneys (two of counsel and one partner) billed upwards to two hours each for attending the December 29 hearing that lasted just under one and a half hours, the Court finds that Plaintiff's counsel is not entitled to receive full compensation for this type of excess and overstaffing. (Fees & Expenses at 4.)

Based on the foregoing examples and a review of the entire Fee Petition, this Court concludes that the total fee award that Plaintiff's counsel seeks is "unreasonable in light of the excessive resources committed to this [motion]." *Signature*, 730 F.Supp.2d at 523. The Fourth Circuit has "been sensitive to the need to avoid use of multiple counsel for tasks where such use is not justified by the contributions of each attorney." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994) (citing *Spell v. McDaniel*, 852 F.2d 762 (4th Cir. 1988)). Yet, the instant fee petition presents exactly the type of unjustified duplication of effort by multiple attorneys that the Fourth Circuit has counseled against. Consequently, this Court will substantially reduce the compensable hours that Plaintiff's counsel seeks in the Fee Petition.

## 2. *Reasonable hourly rate.*

The hourly rates of the party seeking attorneys' fees must also be reasonable. *Rum Creek Coal Sales*, 31 F.3d at 175 (citing *Hensley*, 461 U.S. at 433). A reasonable hourly rate is based on the "prevailing market rates in the relevant community." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). The Fourth Circuit has noted that, "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work which he seeks an award." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (citations and internal quotation marks omitted). In a recent fee award, Judge Ellis explained that "a party seeking attorneys' fees [typically] would present an affidavit from a local counsel not connected to the present litigation who would offer testimony concerning prevailing local rates for the relevant type of work." *In re Outsidewall Tire Litig.*, 748 F.Supp.2d 557, 567 (E.D. Va. 2010) (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009)).

However, Plaintiff's counsel has not done so here. Rather, counsel only submitted an affidavit of one of its own attorneys, of counsel Tompert, to support the instant fee petition. (Dkt. No. 82-2, Tompert Decl.) First, Tompert states that "the fees are the normal and customary fees charged by [the firm] for commercial litigation." (Tompert Decl. ¶ 6.) Second, Tompert states that he is "familiar with the rates for legal services that are customary in the Washington, D.C. metropolitan area, including Northern Virginia, and [that] the hourly rates charged herein are consistent with those rates." (*Id.* ¶ 7.) Tompert's reliance on the market rates of attorneys in Washington, D.C. to support the reasonableness of the fees charged here is misplaced. This Court has previously noted that "the prevailing rates of attorneys in the District of Columbia are higher than the rates of attorneys in Northern Virginia." *Outsidewall Tire Litig.*, 748 F.Supp.2d at 568 (citing *Robinson*, 560 F.3d at 245); *see also Signature*, 730 F.Supp.2d at 526 (noting that "the proper relevant market on which to focus is Northern Virginia and not Washington, D.C.").

Notably absent from Tompert's affidavit is any evidence or support for the prevailing market rate in this locality (Northern Virginia), aside from Tompert's own statement. With this lone affidavit as the only evidence of the prevailing market rate, the Court cannot find that Plaintiff's counsel has carried the burden of showing that its attorneys' rates are reasonable. Nevertheless, in the absence of sufficient evidence establishing the prevailing market rates, "the Court may set a reasonable hourly rate based upon its own knowledge and experience." *Rehabilitation Ass'n of Virginia, Inc. v. Metcalf*, 8 F.Supp.2d 520, 528 (E.D. Va. 1998) (citing *EEOC*, 685 F.Supp. at 576); *see also Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1079 (10th Cir. 2002) (stating that where "a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate").

This Court concludes, based on its own knowledge and experience, as well as on a number of recent holdings in this division, that the billing rates of Plaintiff's counsel set forth in the Fee Petition are reasonable. It is particularly worth noting that, in *Outsidewall Tire Litigation*, Judge Ellis observed that "[c]ourts in this division have previously recognized rates of up to $400 for partners and $250 to $300 for associates working on cases similar to this one." *Outsidewall Tire Litig.*, 748 F.Supp.2d at 568 (citing *Quantum Sys. Integrators, Inc. v. Sprint Nextel Corp.*, 2009 WL 3423848 at *5 (E.D. Va. October 16, 2009)). Although Tompert's declaration does not provide any detail as to each attorney's experience, reputation, or skill, he did provide the dates that each was admitted to practice law. (Tompert Decl. ¶ 5.) From this, the Court observes that the length of time each attorney has spent practicing law, ranging from nine to thirty-one years, supports the reasonableness of the rates as set forth in the Fee Petition.

### 3. *Consideration of remaining factors.*

None of the other factors warrant either an increase or reduction in the attorneys' fee award. The Court is unaware of the professional relationship between the attorneys and the client, nor is the Court aware of the attorneys' expectations from the outset of the litigation. There is nothing particularly desirable or undesirable about this case. The Fee Petition makes no mention of whether Plaintiff's counsel has been precluded from other opportunities due to the time spent on the Motion to Compel. While the Court does question counsel's ability to sustain its practice by devoting similar amounts of time to other clients' cases, there is no evidence before the Court to show that counsel suffered any lost opportunities here. With regard to the time limitations imposed by the circumstances, it is fair to say that there was a sense of urgency in resolving the matter. Specifically, Plaintiff's counsel sought an expedited hearing on this motion to compel Defendants' compliance with this Court's prior order so that Plaintiff could

submit a proper initial expert report as well as prepare for depositions. Defendants do not seek a reduction based on this factor and the Court does not think one is appropriate here.

Lastly, the Court considers the degree of success of Plaintiff's motion in deciding the reasonableness of the fee award. Defendants' opposition merely claims that a reduction is appropriate because "BTP asked for an array of sanctions for numerous filings by WHPM, but the Court limited the sanctions it awarded." (Fee Petition ¶ 8.) True, this Court may reduce the attorneys' fee award based on time spent on unsuccessful claims. *See Hensley*, 461 U.S. at 434-34; *Rum Creek*, 31 F.3d at 174. However, when a claim involves the same set of operative facts, the Court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 434. Thus, Plaintiff is not precluded from recovering for time spent on seeking sanctions merely because the Court declined to award all requested sanctions. In any event, the Court has already determined that a reduction in hours is necessary to account for the vast duplication of efforts by counsel.

### 4. *The Lodestar Amount*

Plaintiff's counsel requested a total of $32,081.50 in attorneys' fees. After taking into account the *Kimbrell's* factors as examined above, the Court finds that an overall reduction of sixty-five percent, $20,852.98, to account for the unnecessary, excessive, duplicative, and unreasonable hours spent on the Motion to Compel by Plaintiff's counsel, is justified. Reflecting this reduction, the final lodestar amount is $11,228.52.

As noted from the outset, the essential goal in awarding attorneys' fees "is to do rough justice, not achieve auditing perfection." *Fox*, 131 S.Ct. at 2216. Although the reduction may seem like a substantial cut, the reality is that the Fee Petition was overly inflated. The inflated fee petition is a product of counsel's failure to "make a good faith effort to exclude . . . hours that

are excessive, redundant, or otherwise unnecessary."[3] *Hensley*, 461 U.S. at 434.  Due in part to counsel's lumping of time entries, which prevents this Court from determining exactly how much time was spent by each attorney on each task, as well as the notable duplication of efforts by attorneys on the same tasks, this Court is unable to cull the justified from the unjustified. Thus, the fee award noted above represents this Court's calculation based on an overall sense of the suit as well as an estimation of the reasonable amount of time that should have been spent on this motion and with the proper allocation among attorneys.[4]  *See Fox*, 131 S.Ct. at 2216.

## B. Expenses

In addition to an award of attorneys' fees, this Court granted Plaintiff its expenses related to bringing the Motion to Compel.  The Fee Petition requests $175.10 worth of expenses.  (Fees & Expenses at 4-5.)  The claimed fees include $69.30 for a transcript of the December 16, 2011 hearing, $52.90 for a courier to deliver a courtesy copy of the Motion to Compel on December 28, 2011, and lastly $52.90 for a courier to deliver a courtesy copy of the reply on December 29, 2011.  (*Id.* at 4.)  Defendants have not objected to these expenses.  The Court finds these expenses to be reasonable, and therefore will award the entire $175.10 requested.

## III. CONCLUSION

For the foregoing reasons, this Court finds that a reasonable attorneys' fees and expenses award for the Motion to Compel is $11,403.62.  An appropriate Order will follow.

                                                  /s/

                                        Ivan D. Davis
                                        United States Magistrate Judge

January 26, 2012
Alexandria, Virginia

---

[3] The Court expects that Plaintiff's counsel will exercise proper billing judgment in the future.
[4] The Court awarded Plaintiff sanctions in the form of attorneys' fees and expenses to compensate counsel for the reasonable costs associated with filing the Motion to Compel, not to produce a windfall for the attorneys.